JULY 30, 1993

No. A–64 (O. T. 1993). DEBOER, AKA BABY GIRL CLAUSEN, BY HER NEXT FRIEND, DARROW v. DEBOER ET AL.; and

No. A–65 (O. T. 1993). DEBOER ET AL. v. SCHMIDT. Applications for stay, presented to JUSTICE BLACKMUN, and by him referred to the Court, denied.

JUSTICE BLACKMUN, with whom JUSTICE O'CONNOR joins, dissenting.

This is a case that touches the raw nerves of life's relationships. We have before us, in Jessica, a child of tender years who for her entire life has been nurtured by the DeBoers, a loving couple led to believe through the adoption process and the then-single biological mother's consent, that Jessica was theirs. Now, the biological father appears, marries the mother, and claims paternal status toward Jessica.

The Supreme Court of Iowa has ruled that Jessica must be returned to her biological parents regardless of whether such action would be in her best interests. See *In re B. G. C.*, 496 N. W. 2d 239 (1992). Jessica, through her next friend, filed an action in Michigan state court, claiming that she has a constitutional right to a determination of her best interests in awarding custody. The DeBoers also filed suit, arguing that federal law authorizes the Michigan state court to modify the custody decree issued in Iowa since the Iowa courts did not at all consider Jessica's best interests, an argument supported by a unanimous decision of the Supreme Court of New Jersey. See *E. E. B.* v. *D. A.*, 89 N. J. 595, 446 A. 2d 871 (1982), cert. denied *sub nom. Angle* v. *Bowen*, 459 U. S. 1210 (1983). The Supreme Court of Michigan rejected the New Jersey decision and concluded that federal law requires deference to the custody decree issued in Iowa even if Jessica's best interests are left unconsidered. See *In re Clausen*, 442 Mich. 648, 502 N. W. 2d 649 (1993).

Jessica, through her next friend, asks that we stay the decision of the Supreme Court of Michigan until we have had an opportunity to review the issues presented. While I am not sure where the ultimate legalities or equities lie, I am sure that I am not willing to wash my hands of this case at this stage, with the personal vulnerability of the child so much at risk, and with the Supreme Court of New Jersey and the Supreme Court of Michigan in fundamental disagreement over the duty and authority of state courts to consider the best interests of a child when rendering a custody decree.

I therefore would grant the application for a stay, pending our careful and thoughtful consideration of the petition for certiorari and its disposition in due course. I dissent.